UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

KHALID HAMDAN

No. 16 CR 252

Judge Manish S. Shah

ORDER

Defendant's motion to quash the indictment [24] is denied.

STATEMENT

It's a crime to conspire to manufacture and to possess with intent to distribute a "controlled substance." 21 U.S.C. §§ 841(a), 846. A controlled substance includes any drug listed in schedule I of subpart B of chapter 13 of Title 21 of the United States Code. 21 U.S.C. § 802(6). But congress did not list all controlled substances in the statute; some drugs get added to the list through administrative-agency action. Section 811(h) authorizes the Attorney General to place a drug on schedule I if he or she determines that such placement is necessary to avoid an imminent hazard to public safety. 21 U.S.C. § 811(h). This placement generally lasts two years. 21 U.S.C. § 811(h)(2).

XLR11 is a synthetic cannabinoid—a substance that has pharmacological properties similar to cannabis or marijuana. In 2013, the Deputy Administrator of the Drug Enforcement Administration found that XLR11 posed an imminent hazard to public safety and, using the Attorney General's authority under § 811(h), placed it on schedule I. 78 Fed. Reg. 28,735 (May 16, 2013); 28 C.F.R. §§ 0.100, 0.104 (delegating authority to the DEA). The indictment alleges that in 2014, defendant Khalid Hamdan conspired to manufacture XLR11 and possessed XLR11 with the intent to distribute it. Defendant argues that the temporary placement of XLR11 on schedule I violated the separation of powers and moves to dismiss the indictment.[*]

Defendant's concern is that the executive branch has exercised a legislative function by defining the crime. But congress can legislate in broad terms and delegate details to the executive branch, and the Supreme Court determined that the

---

[*] XLR11's temporary placement became permanent in May 2016, after the DEA completed procedures authorized under 21 U.S.C. § 811(a). 81 Fed. Reg. 29,142 (May 11, 2016).

statutory and administrative regime at issue here passes muster under the nondelegation doctrine. *Touby v. United States*, 500 U.S. 160, 166–67 (1991). The statute confines and guides the executive branch's discretion by requiring it to consider the history, pattern, scope, duration, and significance of abuse of the substance, and the risk to public health, and by requiring additional findings under § 812(b)(1). *See id.* Defendant makes a broader fairness objection—that he cannot be expected to marshal the resources to challenge the scheduling order as a defense to the criminal charge. But this argument runs counter to the Court's decision to reject any requirement of preenforcement review of temporary scheduling. *Id.* at 169. The Court put the burden on the defendant in a criminal case to challenge the agency decision. Defendant has not attempted to challenge the substance of the DEA's decision and provides no basis to question the merits of scheduling XLR11. The May 16, 2013 order describes the sources of information relied upon by the DEA and the bases for its conclusion that XLR11 posed an imminent hazard to public safety. 78 Fed. Reg. 28,735, 28,736–37. The public nature of the cited evidence provides defendant with an adequate opportunity to criticize and attack its sufficiency, but defendant offers no such criticism. Defendant claims that it would be beyond his ken to do so, but this conclusory argument is not persuasive. It is common to challenge agency decisions, including ones based on technical, medical, or scientific evidence, and defendant offers no explanation for why he could not do so. The stakes in a criminal case may be high, but those stakes do not change the methods available to make a claim. Defendant has opted instead to make, in effect, a facial challenge to scheduling. *Touby* is dispositive on that question, and defendant's motion is denied.

ENTER:

Date:   8/22/16

Manish S. Shah
U.S. District Judge